[Civ. No. 10926. Second Appellate District, Division Two.—April 21, 1936.]

ULYSSES G. HOLLEY, Respondent, v. E. H. HUNT et al., Appellants.

Bryan Woodson for Appellants.

Halverson & Halverson for Respondent.

GOULD, J., *pro tem.*—Plaintiff, inventor of a "metal toe protector" for which application for letters patent had been made, brought this action for declaratory relief to determine the rights of plaintiff and defendants under an agreement by which the latter had been manufacturing the article for plaintiff. Injunctive relief also was asked to prevent defendants from further making or selling the device. Judgment went for plaintiff and defendants appeal on questions of law alone. Although appellants cite eleven different respects in which they claim the trial court erred in its decision, the questions involved may be discussed under a very few headings.

It is not necessary, as contended by appellants, that this action, affecting as it does an article for which patent application was pending, should be brought in the federal courts. Exclusive jurisdiction of suits arising under patent laws is committed to the federal courts, but the action before us does not in any sense involve any question arising under the patent laws or any infringement of a patent. It is simply a controversy to prevent appellants from wrongfully using to their own advantage and to respondent's detriment information and ideas which they had received from the latter while manufacturing the metal toe protectors for him. Such an action, to prevent appellants from using information acquired through their confidential business arrangement with respondent, was properly brought in the superior court, which

is clothed with jurisdiction in such a case. (*Harlow* v. *Feder,* 89 Cal. App. 435 [264 Pac. 782].)

██ Not only did the state court have jurisdiction to hear and determine this controversy for the protection of respondent's trade secrets, but the complaint stated facts sufficient to constitute a cause of action, setting forth the parties, their relationship, the nature of the rights involved, a statement of the wrong threatened and other appropriate allegations to bring the controversy fully before the court. There is therefore no merit in appellants' points as to the insufficiency of the complaint and improper statement of causes of action.

As stated in *Morrison* v. *Woodbury,* 105 Kan. 617 [185 Pac. 735] : ''The law recognizes property rights in trade secrets and confidences, and a court of equity may, when its jurisdiction is properly invoked, enjoin one in whom the confidence has been reposed from divulging it to third persons or from taking advantage of it himself to the injury of the owner.'' This states succinctly the legal proposition upon which the complaint herein was predicated, the case tried and the judgment rendered. Basically, respondent asked protection from injury by fraudulent means, to wit, the use by appellants of trade secrets gained in a confidential relationship, and injunction is a proper remedy. (*Vulcan etc. Co.* v. *American Can Co.,* 72 N. J. Eq. 387 [67 Atl. 339, 12 L. R. A. (N. S.) 102].) ██ Inasmuch as respondent properly asked injunctive relief, which was granted, we think it immaterial whether or not he had the right also to seek declaratory relief. All the relief accorded respondent was properly granted to him under the injunction. But assuming, as found by the court, that a dispute had arisen between the parties under the terms of their agreement, it was proper also that declaratory relief be sought. (*Herrlein* v. *Tocchini,* 128 Cal. App. 612 [18 Pac. (2d) 73].)

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.